J-S11010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HITCHNER | : | |
| | : | |
| Appellant | : | No. 1404 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 26, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002486-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HITCHNER | : | |
| | : | |
| Appellant | : | No. 1405 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 26, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007188-2019

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 8, 2023**

Appellant, William Hitchner, appeals from two judgments of sentence, both entered April 26, 2022.  We affirm.

The facts and procedural history of this case are as follows.  On July 19, 2013, at docket number CP-23-CR-0002486-2011 ("Docket Number 2486-2011"), Appellant pled guilty to driving under the combined influence of alcohol and a controlled substance (third offense) and driving while operating

privilege is suspended or revoked.[1]  That day, Appellant was sentenced to one to two years' incarceration, followed by three years' probation.  Trial Court Order, 7/19/13, at 1.  Therefore, Appellant's maximum date for probation supervision would expire July 19, 2018.  "Following his release from confinement, Appellant relocated to the State of Delaware in order to care for his mother, who had a stroke, and his supervision was transferred to the State of Delaware pursuant to the Interstate Compact for the Supervision of Adult Offenders Act." **Commonwealth v. Hitchner**, 2020 WL 6194602, at *1 (Pa. Super. Oct. 22, 2020) (unpublished memorandum) (footnote omitted).

Approximately six months prior to the expiration of Appellant's probationary period, the State of Delaware informed the Delaware County Office of Probation and Parole that Appellant violated the conditions of his probation by, *inter alia*, failing to report on multiple occasions.  Request for Bench Warrant, 1/30/18, at 1-2.  As such, on January 30, 2018, the Delaware County Office of Probation and Parole requested that a bench warrant be issued for Appellant.  **Id.**  A bench warrant was issued on February 1, 2018.  Trial Court Order, 2/1/18, at 1.  Appellant was arrested on or about January 23, 2019.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(3) and 1543(b)(1), respectively.

Thereafter, on February 21, 2019, the matter proceeded to a *Gagnon I* hearing.[2]  At the February 21, 2019 hearing, the court concluded that probable cause existed to find Appellant in violation of his probation, but Appellant would be released from custody upon acquisition of a verifiable address in Pennsylvania.  Trial Court Order, 2/21/19, at 1.  Appellant was subsequently released.  A *Gagnon II* hearing was then scheduled for March 15, 2019, but continued until April 12, 2019.   Request for Bench Warrant, 4/8/19, at 1-2.  On April 8, 2019, before Appellant's *Gagnon II* hearing convened, the Delaware County Office of Probation and Parole alleged that Appellant violated the terms of his probation and applied for a bench warrant for Appellant's arrest.  Request for Bench Warrant, 4/8/19, at 1-2; *see also* Trial Court Order, 4/8/19, at 1.  A warrant was issued on April 8, 2019, but Appellant was not apprehended until August 30, 2019.  A *Gagnon II* hearing was then scheduled for October 30, 2019.  Application for Continuance, 10/30/19, at 1.  On October 24, 2019, however, while incarcerated for violating his probation at Docket Number 2486-2011, Appellant was charged with controlled substance contraband to confined person prohibited, possession of a controlled substance by an unregistered person, and

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes its final revocation decision).

- 3 -

possession of drug paraphernalia at docket number CP-23-CR-0007188-2019 ("Docket Number 7188-2019"). The **Gagnon II** hearing at Docket Number 2486-2011 was continued and later conducted on November 6, 2019.

During the November 6, 2019 **Gagnon II** hearing, the Commonwealth introduced a report "from the Delaware State Probation Office [that] documented events between December 15, 2017[] and January 10, 2018" detailing Appellant's various probation violations (hereinafter, the "Delaware Report"). **Hitchner**, 2020 WL 6194602 at *1. Appellant objected to the admission of the Delaware Report as hearsay. **Id.** The trial court concluded that the Delaware Report met "'[t]he business record . . . hearsay exception under Pa.R.E. 803(6) . . . and, thus, was admissible.'" **Id.** (citation omitted). "At the conclusion of the hearing, the trial court found that Appellant [] violated the terms of his probation [at Docket Number 2486-2011] and resentenced him to time-served to six months of confinement followed by 30 months['] probation." **Id.**

On December 2, 2019, Appellant challenged the admission of the Delaware Report, as well as the trial court's reliance on the report, in an appeal to this Court. **Id.** Meanwhile, on April 8, 2020, while his appeal was pending at Docket Number 2486-2011, Appellant entered a guilty plea to possession of controlled substance - contraband/inmate[3] at Docket Number 7188-2019 and was sentenced to time-served to 23 months' incarceration, followed by

---

[3] 18 Pa.C.S.A. § 5123(a)(2).

- 4 -

three years' probation. Trial Court Order, 4/8/20, at 1. Appellant was released on parole immediately or shortly thereafter. On October 22, 2020, this Court issued a memorandum opinion vacating Appellant's judgment of sentence at Docket Number 2486-2011. *See Hitchner*, *supra*. In particular, we concluded that the trial court erred in admitting the Delaware Report because it was not properly authenticated and did not qualify as a business record under Pa.R.E. 803(6), an exception to the rule against hearsay. *Id.* at *4. Accordingly, we remanded the matter to the trial court for a second *Gagnon II* hearing. *Id.*

Following our remand order in *Hitchner*, *supra*, the procedural histories of the matters pending at Docket Number 2486-2011 and Docket Number 7188-2019 began to converge. Beginning on October 22, 2020, the parties attempted to schedule Appellant's *Gagnon II* hearing at Docket Number 2486-2011. A review of the certified record reveals that the parties had significant trouble scheduling the *Gagnon II* hearing because, *inter alia*, they were unable to locate Appellant from at least May 25, 2021 until on or around October 20, 2021. In addition, starting in February 2021, the Delaware County Office of Probation and Parole sought to revoke Appellant's parole at Docket Number 7188-2019. Thus, a bench warrant was issued on February 26, 2021 and Appellant was arrested that same day. *See* Trial Court Order, 2/26/21, at 1. On March 9, 2021, a *Gagnon I* hearing was conducted at Docket Number 7188-2019, during which the trial court concluded that

probable cause existed to find Appellant in violation of his parole.  Trial Court Order, 3/9/21, at 1.

Eventually, on November 17, 2021, a **Gagnon II** hearing commenced at both Docket Number 2486-2011 and Docket Number 7188-2019.  At that time, Deborah Lamberto, Delaware County Adult Parole and Probation Officer, and Jeffery Roney, the Deputy Director of Delaware County Adult Probation and Parole, testified.  In particular, Officer Lamberto testified that she began supervising Appellant in 2018 during his probation on charges at Docket Number 2486-2011 and, eventually, assumed responsibility for supervising Appellant at Docket Number 7188-2019 when he was released on parole.  N.T. Hearing, 11/17/21, at 13 and 15.  Officer Lamberto also testified that, during Appellant's supervisory period for the charges at Docket Number 2486-2011, he not only violated the terms of his probation, resulting in the issuance of a bench warrant and arrest, but he also committed new crimes, specifically the charges filed at Docket Number 7188-2019 to which he pled guilty.  **Id.** Moreover, Officer Lamberto testified that Appellant committed technical violations at both dockets.  **Id.** at 17, 20, 23-24, 26-27, and 30.  Based upon the foregoing, Officer Lamberto recommended Appellant be found in violation of his probation at Docket Number 2486-2011 and in violation of his parole at Docket Number 7188-2019.  **Id.** at 27.

After Officer Lamberto's testimony, a lengthy discussion took place between the court, the Commonwealth, and defense counsel, wherein, *inter alia*, defense counsel requested to either withdraw as counsel or continue the

*Gagnon II* hearing to another date, due to her alleged inability to adequately prepare. *Id.* at 40-56 and 68-77. Ultimately, the trial court continued the hearing until November 19, 2021, without determining whether Appellant violated the terms of his probation at Docket Number 2486-2011 or the terms of his parole at Docket Number 7188-2019. *Id.* at 87-90. It is not clear from the record whether a hearing went forward on November 19, 2021. Nonetheless, on November 19, 2021, the trial court issued an order directing Appellant's counsel to submit "any and all [m]otions/[p]etitions on or before November 24, 2021." Trial Court Order, 11/19/21, at 1. Appellant did not file any motions or petitions before November 24, 2021.

Instead, on January 12, 2022, Appellant filed a petition for the presiding judge's recusal or disqualification based upon allegations of prejudice against defense counsel. Appellant's Petition, 1/12/22, at *1-*4 (unpaginated). The trial court convened a hearing on January 13, 2022, during which defense counsel orally moved to withdraw. N.T. Hearing, 1/13/22, at 1-18. This time, the trial court granted defense counsel leave to withdraw. *Id.* at 12. New counsel was subsequently appointed, and additional hearings were held on January 21, 2022 and March 7, 2022. At these hearings, the parties discussed outstanding issues, including Appellant's contention that his probation at Docket Number 2486-2011 expired on July 19, 2018, prior to the commencement of the *Gagnon II* hearing on November 17, 2021. The trial court directed the parties to submit briefs on this issue and scheduled a hearing for April 26, 2022.

Appellant's *Gagnon II* hearing resumed on April 26, 2022. At that time, the Commonwealth, through Delaware County Adult Probation and Parole, presented an "amended recommendation." N.T. Hearing, 4/26/22, at 4. In particular, Officer Lamberto stated:

> It is our recommendation today that on [Docket Number 2486-2011, Appellant] be found in violation of his probation, and his probation be revoked. It is recommended that [Appellant] be resentenced to three to six months [incarceration] with credit for time served. That credit being [October 20, 2021 through April 19, 2022] which is 180 days. On [Docket Number 7188-2019 . . . Appellant] is found in violation of his parole and his parole is to be revoked. It is recommended that he be resentenced to his full back time to 180 days with immediate parole upon an address verification. Prior to his release an updated drug and alcohol evaluation be completed and he comply with the recommended evaluation. [Appellant] will be supervised by the Substance Abuse Unit. No interstate transfer will take place until [Appellant] is compliant with all terms and conditions of his sentence. Regarding the consecutive probation on [Docket Number 7188-2019 . . . Appellant] is not found in violation of his probation and that is to remain intact as originally sentenced.

*Id.* at 6-7. After finding Appellant in violation of his probation at Docket Number 2486-2011 and in violation of his parole at Docket Number 7188-2019, the court adopted Officer Lamberto's recommendation in imposing its sentence on April 26, 2022. *Id.* at 8-9. On May 23, 2022, Appellant filed separate notices of appeal at each trial court docket. That same day, Appellant's counsel moved for leave to withdraw, which the trial court granted on May 25, 2022. On June 16, 2022, current counsel was appointed by the trial court to represent Appellant.

Appellant and the trial court complied with Pa.R.A.P. 1925 in both cases. At Docket Number 2486-2011, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before July 25, 2022. Trial Court Order, 5/25/22, at 1. On July 6, 2022, Appellant filed a concise statement at Docket Number 2486-2011.

With respect to Docket Number 7188-2019, the trial court (on May 25, 2022) ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) on or before July 25, 2022. Trial Court Order, 5/25/22, at 1. On July 20, 2022, Appellant's counsel filed an application for leave to file a Pa.R.A.P. 1925(b) or 1925(c)(4) statement *nunc pro tunc*. Appellant's Application, 7/20/22, at *1-*3 (unpaginated). The trial court granted Appellant's application, allowing him until August 10, 2022 to file a statement pursuant to Pa.R.A.P. 1925(b) or 1925(c)(4). Trial Court Order, 7/20/22, at 1. Appellant complied and filed a 1925(c)(4) statement on August 10, 2022. Thereafter, on September 7, 2022, this Court consolidated Appellant's appeals *sua sponte* and directed Appellant to file one brief. Order, 9/7/22, at 1.

With regard to Docket Number 2486-2011, Superior Court Docket Number 1404 EDA 2022, Appellant raises the following issue on appeal:

> Whether the probation supervision in the within matter expired at the time Appellant committed a new crime, rendering unlawful the finding that [] Appellant violated his supervision and the entry of a new judgment of sentence based on the new crime, where the original warrant for the violation, issued February 1, 2018, was based upon alleged violations emanating from the State of Delaware that were not proven at the **Gagnon II** hearing held [on] November 1[7], 2021, and where the

alleged violations established at the hearing occurred after [Appellant's] supervision would have expired?

Appellant's Brief at 6.

At Docket Number 7188-2019, Superior Court Docket Number 1405 EDA 2022, Appellant's counsel has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We will first address Appellant's substantive issue, *i.e.*, his challenge to the trial court's decision to revoke his probation at Docket Number 2486-2011.

Herein, Appellant challenges the validity of the revocation proceedings and whether the Commonwealth established, by a preponderance of the evidence, that Appellant violated his probation. In particular, Appellant argues that his probationary period expired July 19, 2018 and that the Commonwealth "fail[ed] to allege any violations of the rules governing Delaware County Adult Probation and Parole, that occurred prior to the expiration of Appellant's supervision; nor was any evidence of such [a] violation offered at the ***Gagnon II*** hearing" that commenced on November 17, 2021. Appellant's Brief at 14-15. We disagree.

As this Court previously stated:

> In reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (citation and quotation marks omitted), *appeal denied*, 243 A.3d 724 (Pa. 2020). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008). For a trial court to find an individual in violation of probation, the trial court "must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Commonwealth v. Foster*, 214 A.3d 1240, 1251 (Pa. 2019) (stating, "a [trial] court may find a defendant in violation of probation only if the defendant [] violated one of the 'specific conditions' of probation included in the probation order or [] committed a new crime").

"The courts of this Commonwealth have long rejected the notion that the sentence of an absconder or delinquent parolee continues to run, as if it were being served, to the point of expiring on its scheduled expiration date." *Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa. Super. 2010), *disapproved of on other grounds by* *Foster*, *supra*. Indeed, as held by this Court in *Ortega*, if an individual absconds or is otherwise delinquent while on probation, his probationary period will be "extended by his ongoing delinquency." *Id.*; *see also Commonwealth v. Wright*, 116 A.3d 133, 136-137 (Pa. Super. 2015) (holding that the appellant's probation was extended to "May 2, 2011, seventeen months after she reinstated contact with

her probation officer" after absconding for seventeen months). Hence, a court may revoke probation based upon conduct that occurred during a defendant's probation "as extended by delinquent time." ***Ortega***, 995 A.2d at 885.

As stated above, Appellant maintains that his supervisory period expired on July 19, 2018. He further alleges that, because the Commonwealth failed to proffer evidence of any probation violations that occurred prior to that date, the trial court erred in revoking his probation. Contrary to this claim, Appellant's probationary period did not expire on July 19, 2018. Instead, his supervision was "extended by his ongoing delinquency." ***Ortega***, 995 A.2d at 885.

A review of the certified record reveals that, following allegations from the State of Delaware that Appellant violated the terms of his probation, Delaware County Office of Probation and Parole resumed supervision and sought a bench warrant for Appellant's arrest. Specifically, a bench warrant was issued on February 1, 2018, five months and 18 days prior to the expiration of his probationary period. Because Appellant absconded and was not apprehended until January 23, 2019, his probation period was extended until July 11, 2019, five months and 18 days after he was apprehended and resumed supervision. Following Appellant's apprehension on January 23, 2019, another bench warrant was issued for his arrest on April 8, 2019, based upon allegations that he violated the terms of his probation. At that time, Appellant had three months and three days left in his probationary period. Appellant, however, absconded again and was not apprehended until August

30, 2019. As such, Appellant's probationary period was further extended to December 3, 2019, three months and three days after he was apprehended and resumed supervision. Thus, to revoke Appellant's probation, the Commonwealth was required to demonstrate that Appellant "violated a specific condition of probation or committed a new crime" prior to December 3, 2019. *Foster*, 214 A.3d at 1251.

Upon review, we conclude that the Commonwealth established by a preponderance of the evidence that Appellant violated the terms of his probation prior to December 3, 2019. In particular, during the November 17, 2021 hearing, Officer Lamberto testified that, in 2019, the State of Delaware asked the Delaware County Adult Probation and Parole to resume supervision of Appellant because he violated the terms of his probation.[4] N.T. Hearing, 11/17/21, at 13. Officer Lamberto explained that, after Delaware County resumed supervision, Appellant was required "to report regularly, whether it was weekly or biweekly" and to "submit to random drug screens." *Id.* at 17. Contrary to those conditions, Officer Lamberto testified that Appellant tested positive for methamphetamines on March 22, 2019 and failed to report on March 29, 2019 and April 5, 2019. *Id.* at 17 and 23. Hence, Officer

---

[4] This testimony was submitted by way of background. The Commonwealth did not attempt to seek revocation of Appellant's probation on this basis. *See* N.T. Hearing, 11/17/21, at 52 (the Commonwealth stating it "removed every comment about interstate compact from this report. … We agree, no talk about interstate compact.").

Lamberto's testimony established that Appellant committed three technical violations before his probationary sentence expired on December 3, 2019.

Moreover, Officer Lamberto's testimony during the November 17, 2021 hearing demonstrated that Appellant committed, was charged, and ultimately pled guilty to a new crime in September 2019, approximately three months before his probationary period expired on December 3, 2019. Indeed, Officer Lamberto explained that, following a period of delinquency, Appellant was incarcerated on August 30, 2019. *Id.* at 14-15. While in Delaware County Prison, Appellant committed another offense, specifically, "contraband, a felony two." *Id.* at 15. Ultimately, Officer Lamberto testified that Appellant "entered a negotiated guilty plea" to the aforementioned charge on April 8, 2020. *Id.* at 15. Because the Commonwealth was permitted to defer a violation hearing until after the disposition of Appellant's new criminal charge, *i.e.*, his guilty plea, the fact that Appellant did not enter his guilty plea until after the expiration of his probationary sentence is of no consequence. *See* ***Commonwealth v. Burrell***, 441 A.2d 744, 746 (Pa. 1982). Hence, the Commonwealth demonstrated that Appellant committed technical violations and committed a new crime during the relevant time period.

In contrast to Appellant's claim, therefore, it is apparent that the Commonwealth established that Appellant violated the terms of his probation prior to its expiration on December 3, 2019. We note, however, that Appellant's probation was not revoked, nor was a new sentence imposed, until April 26, 2022. Accordingly, we are compelled to address a remaining issue:

- 14 -

whether Appellant's "probation [was] revoked and [his] sentence imposed within a reasonable time after the expiration of the probationary period." **Wright**, 116 A.3d at 137. The following principles govern our review of this issue. Rule 708 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part, as follows:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
>> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel;
>>
>> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B)(1), (2). Moreover, our Court previously explained:

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.
>
> In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context [contemplates] the loss of essential witnesses or evidence, the absence of which would [complicate] the determination of whether probation was violated, or [whether an] unnecessary restraint of personal liberty [was imposed].

- 15 -

*Commonwealth v. Woods*, 965 A.2d 1225, 1227–1228 (Pa. Super. 2009), *quoting* *Commonwealth v. Clark*, 847 A.2d 122, 123-124 (Pa. Super. 2004).

In this instance, Appellant's *Gagnon II* hearing at Docket 2486-2011 was originally scheduled for April 12, 2019 but, because Appellant absconded and was not apprehended until August 30, 2019, it was rescheduled for October 30, 2019.  Application for Continuance, 10/30/19, at 1.  Appellant, however, was charged with new crimes, causing the *Gagnon II* hearing to be again continued until November 6, 2019.  Then, at the November 6, 2019 *Gagnon II* hearing, the Commonwealth's sole evidence in support of its position of revocation was the Delaware Report.  Ultimately, though, this Court deemed the Delaware Report to be inadmissible hearsay, vacated Appellant's revocation sentence at Docket Number 2486-2011 and remanded for a new *Gagnon II* hearing on October 22, 2020.

Upon remand, Appellant's counsel entered her appearance on December 11, 2020.  A hearing was conducted on February 17, 2021 and on February 19, 2021, the trial court issued an order directing Appellant's counsel to "submit a [m]emorandum/[c]ase [l]aw" on issues raised during the February 17, 2021 hearing on or before March 5, 2021.  Trial Court Order, 2/19/21, at 1.  The issue centered upon the contention that Appellant's probation expired prior to the *Gagnon II* hearing.  Appellant's counsel never filed a submission. Nonetheless, Appellant's *Gagnon II* hearing was scheduled for May 25, 2021. On that day, however, Appellant failed to appear, resulting in the issuance of a bench warrant.  Appellant was not arrested until October 20, 2021.

Appellant's *Gagnon II* hearing was then scheduled for, and ultimately convened, on November 17, 2021.

At the outset of the November 17, 2021 hearing, Appellant's counsel asked to withdraw as counsel, indicating that she previously made an oral request to withdraw. N.T. Hearing, 11/17/21, at 3. Because Appellant's counsel failed to file a written motion before the hearing and because it determined that permitting withdrawal would prejudice Appellant, the trial court denied counsel's request. *Id.* at 7. Despite the trial court's ruling, Appellant's counsel requested a continuance, claiming that she had not been in contact with Appellant since before May 25, 2021 and was otherwise unprepared to proceed. *Id.* at 6-7. Again, the trial court denied Appellant's counsel's request. *Id.* Ultimately, however, the November 17, 2021 hearing was continued until November 19, 2021 to enable Appellant's counsel to better prepare for the hearing. *Id.* at 87-90. There is no indication from the record that the hearing was actually conducted on November 19, 2021. Rather, on that day, the trial court entered an order, directing Appellant's counsel to "file any and all [m]otions/[p]etitions on or before November 24, 2021." Trial Court Order, 11/19/21, at 1. Again, Appellant's counsel failed to do so.

Instead, on January 12, 2022, Appellant's counsel filed a petition for the presiding judge's recusal and/or disqualification. In the petition, Appellant's counsel averred that the court expressed "displeasure for [Appellant's counsel" and a "bias[] toward the Commonwealth" because "of comments made at three different proceedings [indicting that the court] ha[d] no

confidence in [Appellant's counsel]." Appellant's Petition, 1/12/22, at *1-*2 (unpaginated). The trial court held a hearing on Appellant's motion the next day. At the hearing, the trial court asked Appellant's counsel why she failed to file any memorandum in response to its February 19, 2021 order or otherwise request an extension to do so. N.T. Hearing, 1/13/22, at 4. In addition, the court inquired into its "role . . . [in] determining whether [Appellant] ha[d] effective assistance of counsel." *Id*. at 8. Ultimately, during the January 13, 2022 hearing, Appellant's counsel conferred with Appellant and was permitted to withdraw. *Id*. at 12. Immediately thereafter, the trial court appointed new counsel for Appellant and scheduled another hearing for the next week, seeking to swiftly resolve the matter. *Id*. at 16. The parties convened again on January 21, 2022, including Appellant's newly-appointed counsel. N.T. Hearing, 1/21/22, at 3-4. At that time, the trial court stated that briefs were due regarding the expiration of Appellant's probation but allowed Appellant's counsel time to get up to speed on the issue. *Id*. at 4-7. Appellant's brief was finally submitted to the court on March 25, 2022. The Commonwealth responded on April 8, 2022, and the *Gagnon II* hearing resumed and, eventually, concluded on April 26, 2022.

Upon review, we conclude that, while there was a significant period between our remand for a new *Gagnon II* hearing (October 20, 2020) and the ultimately conclusion of the *Gagnon II* hearing (April 26, 2022), the delay is largely, if not wholly, attributable to Appellant and his counsel. Indeed, after convening a hearing on February 17, 2021, Appellant's counsel was

ordered to submit a memorandum on or before March 4, 2021, but failed to do so. It was not until the appointment of new counsel on January 13, 2022 that Appellant came forward with the requested memorandum addressing the expiration of Appellant's probation. Moreover, Appellant's counsel was unprepared for the November 17, 2021 hearing, resulting in further continuances even though the Commonwealth presented testimony and submitted its recommendation that day. Finally, the delay can also be attributed to Appellant himself as he absconded from May 25, 2021 until October 20, 2021. Based upon all of the foregoing, we conclude that Appellant's *Gagnon II* hearing, which was initially held on November 17, 2021 and concluded on April 26, 2022, was conducted within a reasonable time and the trial court properly revoked Appellant's probation based upon its finding that Appellant committed technical violations and a new crime prior to December 3, 2019.

Next, we address counsel's *Anders* Brief, filed at Docket Number 7188-2019, Superior Court Docket Number 1405 EDA 2022. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel

has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207.

Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the ***Anders*** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]").  It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations.  We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.  Our analysis begins with the claim raised in the ***Anders*** brief, which is as follows:

> Whether the trial court lawfully found Appellant in violation of parole and remanded Appellant to serve the balance of his [back time]?

Appellant's Brief at 25.

Counsel sets forth two arguments in support of the foregoing question. First, counsel lodges a "collateral[] challenge" to Appellant's conviction at Docket Number 7188-2019.  Appellant's Brief at 29.  In particular, he claims that the "initial warrant," issued on January 30, 2018 "was invalid, so was his resulting confinement." ***Id.***  Appellant further argues that, "if his confinement [were] invalid, his conviction for [c]ontraband, that is, possessing a controlled substance while he was an inmate, is unlawful." ***Id***.  Appellant does not specify why he believes that the "initial warrant" was invalid. ***Id***. at 29- 32. It appears, however, that Appellant's claim is based upon his belief that his probationary period at Docket Number 2486-2011 ended on July 18, 2018 and he was not arrested pursuant to the bench warrant until January 2019, after

- 21 -

his probationary period expired. Second, counsel argues that the trial court erred in finding that Appellant violated the terms of his parole at Docket Number 7188-2019. *Id.* We will address each of counsel's claims in turn.

As explained above, we reject Appellant's contention that his probationary period expired on July 19, 2018. To the contrary, Appellant's probation was extended by the period he absconded or was otherwise delinquent. Because Appellant's challenge to the validity of the warrant is based upon his erroneous contention regarding the expiration of his probationary period, Appellant's derivative claim lacks merit. Moreover, Appellant's claim is improper given our standard of review in a parole-revocation appeal. As this Court previously stated:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id.* Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id.* At some point thereafter, the defendant may again be paroled. *Id.*
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole. *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004).

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. ***Mitchell***, 632 A.2d at 936.

***Commonwealth v. Kalichak***, 943 A.2d 285, 290–291 (Pa. Super. 2008) (parallel citations and footnote omitted). As our scope of review is limited to the determination of whether the trial court properly revoked Appellant's parole, it therefore follows that Appellant cannot now, at this juncture, challenge his original guilty plea. Accordingly, we agree with counsel that Appellant's current challenge on this basis lacks merit.

Lastly, we address Appellant's claim that the trial court erred in revoking his parole at Docket Number 7188-2019. As previously stated, in order to find an individual in violation of parole, the trial court is required to "determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order." ***Kalichak***, 943 A.2d 285, 290–291 (citation omitted). At the November 17, 2021 ***Gagnon II*** hearing, Officer Lamberto testified that Appellant presented positive drug screens for methamphetamine on October 29, 2020 and November 23, 2020. N.T. Hearing 11/17/21, at 24. Officer Lamberto also testified that Appellant presented a positive drug screen for methamphetamine and amphetamine on February 25, 2021. ***Id***. Further, Officer Lamberto testified that, after Appellant's ***Gagnon I*** hearing on March 9, 2021, Appellant was required to undergo a substance abuse evaluation and follow recommendations, contact

the officer within 24 hours of release to schedule an appoint, enroll in outpatient treatment, and update his address. *Id.* at 21. Appellant failed to abide by any of the aforementioned requirements. *Id.* Accordingly, we conclude that, based upon Appellant's technical violations, any challenge to the trial court's decision to revoke Appellant's parole and order him to serve the balance of his sentence is frivolous.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims related to Docket Number 7188-2019, Superior Court Docket Number 1405 EDA 2022 are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal as to Docket Number 7188-2019, Superior Court Docket Number 1405 EDA 2022. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw at Docket Number 7188-2019, Superior Court Docket Number 1405 EDA 2022.

Petition for leave to withdraw appearance granted. Judgments of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/8/2023</u>